Our final case for today is United States v. Kenneth Raney. Mr. Hillis May it please the court. Counsel, my name is Daniel Hillis. I'm with the Federal Public Defender's Office from the Central District of Illinois and I represent Kenneth Raney who raises four issues on appeal. I'd like to take them out of order if I may so I can get to the most central of the issues and that is issue number two. The district court erred by finding Mr. Raney violated his supervised release condition requiring him to truthfully answer his probation officer's inquiries. The government has never identified any question that Mr. Raney failed to answer truthfully. There was no question. Wait a minute. Are you contending that if additional lies come to light during a revocation hearing the court can't rely on those additional lies in finding that a defendant violated a condition that he not lie? You're talking about the monthly reports. Yes, I'm referring to the affirmative lies in the monthly reports. His reports. The district court. To his probation officer telling him he had no contact with children, you know, when he'd gone to the zoo and on a camping trip with the children. I didn't see any relevant subjections to the questions about those false reports. He had noticed that he was being charged with lying to the probation officer. Was the government even obligated to list the specific lies? He could not make a relevance objection and have it go anywhere since the rules of evidence don't apply in Rule 1101D3, I think is the Federal Rule of Evidence on that point, but we have a more primary problem with the court's analysis if that's where it were to go because as a matter of due process you do have to have notice in the petition about what is being alleged as the violation. Morrissey is very clear on that. Rule 32.1 is very clear on that. So we'd have a constitutional problem as well as a rule-based problem if the district court were to go in a different direction and say there's additional evidence that would allow me to revoke you beyond what's alleged in the petition in the particular bases. The particular bases were well stated here. But here's my issue with that. If the very strong notice-based argument. But it's my impression, looking at the hearing, that the monthly reports do come up and they're discussed and he's aware that the government is saying, you know, on top of everything else, you lied in several of these, two or three of these monthly reports and that at least was an affirmative written lie. I understand your point about the other things that, you know, the polygraph examiner isn't the probation officer and, in fact, he had the report in two days earlier and it's not his problem that the probation officer didn't read the reports that he submitted so maybe it wasn't a lie at all. And when he's sitting there in the car with the phone on Bluetooth, who has to say something? Should the probation officer have said is anybody else in the car with you? At which point we would have had a different situation or was this idea of lies by omission something there. But putting that to one side, the reports come up in the hearing so it looks to me like he has the chance to respond to them. Reports shouldn't have come up in the hearing. But they did and he is there. He has an opportunity. He never says, hey, what are you talking about these reports for? You're blindsiding me. He does object to the reports. He bases it on a 702 violation. He also objects to the foundation. But there's no 702 problem with these reports. I'm just saying what his assertions were. Right, and the district court finds, or at least it seems to me the arguments being made here, that that is not an objection that should have alerted anybody to the argument that you're now making about them. I would disagree insofar as whenever there is an objection that raises a constitutional issue, and that would, we would have a problem of non-confrontation. There's a due process problem about considering a report made to an individual who is not testifying. That's a constitutional problem that is now to the fore. But it's his report. He wrote the reports. Why is he not able to confront himself as the person who wrote the report and lied in the report? I beg your pardon, I was unclear then on your Honor's question about what information and which report. His own reports, if he were to have affirmatively included information, it is nevertheless not the basis for the revocation. And I think the petition was clear. It's not about what he said in those reports. It's about his responses to the probation officer's questions. And there was no question. And therefore, there is no basis to find that he could have violated standard condition number three. A lie by omission is not a lie. A lie is an affirmative act. An omission is a lie. We can understand your theory, at least, as long as we can't look at the reports. The government, in their brief, and I understand from your reply brief, you're saying too little, too late. You shouldn't be changing your theory. But the government says that the reports are actual lies. Have you seen, have you been with any children? No. That wasn't right. I think it would be a definite problem. We would do little good for due process today if we were to look beyond what the alleged basis was for the violation and say, we can instead look at something else. Even if he does know what that something else is. There at a petition and held a hearing based on the allegations in the petition. Consistent with due process and rule 32.1, the requirements would limit the inquiry of the court to those matters. So, had he said, I need additional time because the government is responding to those reports, what additional evidence would he present since he was self-reporting on these reports? I don't think that it would be incumbent on him to say anything. I think it's a problem for the government. They would have to make a second petition. They would have to come up with a different theory to show a violation that should lead to his revocation of supervised release. Let us not forget, Mr. Rainey is subject to conditions that a court drafted. And if they have not been drafted well, that's a problem. If they're not being applied well, that's a problem. But those aren't problems that are his responsibility insofar as what we're doing here today. It is what the government's burden was and did it need it. And again, the government has not shown anything that would say that he violated standard condition number three. In the district court's order after the hearing, the district court's statements during the hearing, none of this establishes anything other than people are unhappy about what happened and therefore they're putting Mr. Rainey back in prison. Well, they're unhappy because at some level, maybe not a level that we can reach, but definitely he's being dishonest with them. He's well aware that he's required to report such things as camping trips with children and when he's sitting in the car and the probation officer is talking about, you know, that he needs to be escorted even to use the restroom facilities, he's not, he's just sitting there. We're giving much discredited to a large degree, these absolute no contact type of conditions that affect a person's liberties. Those are serious questions. In any event, they are not something that the district court established through the conduct in this petition to have been a violation such that Mr. Rainey could have been in prison for it. If I can move briefly to the other basis for the revocation was and the government didn't establish the basis of the district court can't find the violation, but I would briefly like to say that the rule 32.1 D2C issue is certainly a problem here and I've stated the reasons in my brief. Due process is a closely related concept to the inability to confront the witness. Where did Rainey preserve his rule 32.1 objection or his Fifth Amendment objection to the admission of the polygraph? I saw only a rule 702 objection. And there's an objection to foundation and both of those would relate at least to the constitutional issue of confrontation, but let's not forget that rule 32.1 B2C in Jordan says so. It's the district court's responsibility to make the finding and the district court didn't do that nor did the government offer any reasons for failing. Well, what the district court said was that we'd use the polygraph report only to show what the probation officer knew. It was a significant matter and it appears in the district court's order about the lying that the district court determined and it was based in large measure on what the facts were as so far as they came in in relation to the polygrapher, the polygraph administrator. But if I can get also, there's a due process problem in that first issue as well. But as for the third issue, and I need to state this, that my client is currently out and so I do not want him to be at risk of resentencing if there is a Thompson error that would require a full resentencing. And so I would ask this court's permission for two weeks to confer with my client now that I've been recently advised that he is out so I can ask him if he wishes to proceed on this issue or if he can withdraw this issue so he is not in jeopardy. And then as for the fourth issue, the district That's fine. I don't see any reason why you can't have two weeks. The district court committed an Albury error. The government's confessed that. All right. Thank you, Ms. Juschman. Good morning. May it please the court, my name is Meredith Juschman and I represent the appellee in the United States in this case. The court focused on two issues and so I want to focus right away on those two issues. It's the government's position that with respect to the hearsay issue, the defendant does continue to ignore the proper standard of view. He continues to assert de novo. He did not raise a proper objection below. His objection below was an expert witness objection to the reliability of polygraph test results, which aren't even really an issue here. And so he's under plain error review. And under plain error, he just cannot prevail here. So I'm looking around page, because all these page numbers are different. This looks like page 37 of the transcript, which is where you move exhibits 4, 5, 6, and 7 into evidence, which I take it are the monthly supervision reports. Correct. And I don't see any objection to that. Was there an objection? The defendant never raised any objection to his monthly reports. And in fact, the defendant raised sort of a smattering of issues. It was kind of hard to figure out what his position was. We had a full preliminary examination and then the revocation hearing. And one of the things that at times he was trying to suggest is, well, I did disclose in my monthly reports at times. So the monthly reports, the defendant is kind of trying to use them as a sword and a shield. Well, he does disclose. He does. Vis-a-vis the statement he makes to the polygraph examiner that he had already said something about his relationship with Jackie. He had filed that report two days before. And it was certainly, there was no reason he had to believe that it just got stuck at the bottom of a pile of pieces of paper and never looked at. He had, in fact, predisclosed as of that time. But the troublesome thing about the reports, which is what you, I believe, are now primarily relying on, is misrepresentations otherwise in them about contact with children or whether he's dating somebody. Maybe the first thing isn't a date. Maybe it's just a bunch of people. But a time comes when he's actually dating her. Well, and this evidentiary hearing was kind of fluid in the sense that the defendant ended up calling two witnesses that heard him. And he ended up calling Ms. Hauser as a witness and it became pretty clear that there was more contact with these children than even the probation officer knew. And that this contact continued from not only the zoo trip but all the way up to the hearing. The two camping trips you're talking about. Camping trips, right. And then there was a trip to a fish restaurant, I think. But in any event, as the hearing proceeded, the fact that he's having contact with these children while reporting on the monthly reports he's not becomes more and more significant as more contacts are disclosed. And he actually is checking a box on these monthly reports or writing somehow, no. Yes. And it isn't, he's not asked to disclose unsupervised contact with children. He's asked to disclose any contact that he has not reported. So he can't say, well, my contact with the children were, I thought I didn't have to disclose it because at least the mom was there. No, the monthly reports make abundantly clear that he has a duty to tell the probation officer if he has any contact with children, period. And he didn't. And the government, the defendant is right in the sense that in the violation report, the 12C, the probation officer doesn't notice up each of the monthly reports. But the monthly reports are a violation of the same standard condition. The whole point of the hearing was what did the defendant disclose or not disclose, and when did he disclose it? But I wouldn't go quite so quickly to where you just went, though. There's a revocation notice, and there's a whole process that's supposed to be followed. And he didn't receive the full benefit of this process. There are things identified in that revocation notice that I do have some problems with because if he's not himself making a misrepresentation to the probation officer, he's sitting there in the car silently, he's saying I'm going to the zoo with, you know, Judge Williams, and I don't have to mention that I'm also going with Judge Rovner. Have I actually lied if I'm really going to the zoo with Judge Williams? I don't think so. You know, I mean, I understand. I understand that that has some initial appeal. But the notion that a defendant is free to knowingly provide misleading information to the probation officer as long as he volunteers it, I think it just defies common sense. Well, you're going down this path of misrepresentation by omission, and I'm nervous about that given that there are criminal incarceration consequences to it. I'm not sure that that's what the statute or the conditions say. And I'm troubled by the fact that there was really no finding of reliability with respect to the polygraph report and the individual, you know, the polygraph examiner, and the fact that there was no balancing under 321B2C, which the court is supposed to balance in terms of the confrontation and, you know, admissibility. So, I mean, it was not, as you know, an ideal hearing because the court didn't make those kind of findings. You're right. The Jordan balancing test was not done. Right. That wasn't done, and that's important. It's important that that process be used. Well, it is certainly important that the defendant receive due process of law. He's not entitled to the same due process of law. And did the judge take the time to go through the balancing test, which this judge didn't. He seems to have been very irritated with Mr. Rainey, and he just, you know... One of the things that I... You know, if you read the sentencing Right. I guess here's what I would offer in response to that, Your Honor. If you play out what would have happened, okay? So the only statement at issue in that polygraph test was that the defendant said, my probation officer already knows of the relationship. Okay? So the cross-examination at the hearing would have been, had the polygraph examiner been there, are you sure my client said that? Isn't it true he didn't say that? And the polygraph examiner would have said, yes or no. I mean, there is absolutely no evidence that that would have had any impact. And I think the Mosley case in particular makes clear that what the court can do here is affirm by simply saying, look, the evidence was, you know, plenty here to support the judge's decision to... So you're really going into... Yeah, you're going into harmless error analysis. I mean, that's what you're saying, saves this harmless error. I mean, essentially. Ultimately, absolutely. Ultimately, that's what saves it. Yes. So I want to ask you something about the forced sale of the RV because your time is going. Yes. He wasn't given any notice by the government that the government was going to impose this Not prior to the hearing, no. Well, prior to the hearing or even in the hearing, that's like page end of the hearing. Right. Well, you're right. I mean, it is at the tail end of the hearing. Right. And I was trying to, I mean, what cases or what do you have, you know, where a defendant is required, doesn't, isn't given notice and required to sell some personal property as an additional condition? I know there's this issue and you were saying you needed to go back anyway, but I'm saying, I have some concerns about saying you're going to take the RV and no real findings being made as to why that's important. Right. I think there's sort of the dual issue here. And one is, you know, the notice issue. And I think the probation officer's concerns about the RV were actually brought up in terms of it being a moving residence and it being very difficult to move from residence. And I totally get that. And all I'm saying is it should have been noticed. So when that came up, either the probation officer looks at the AUSA and says, we need to amend this now. We need to say the RV. And then if the defendant needs additional time to come in, now that he knows we're going to take this, then let's have a further hearing judge on this. Well, the, and, and, you know, this, this may be a situation where there's a best practices issue and a what's a constitutionally required issue. Now the, the, the probation officer testified, she was extremely concerned about him getting this RV in this context because he was going to be difficult to monitor at the preliminary examination. So that was out there. Now, in hindsight, I, as the AUSA, should have gone to the probation officer and said, do you want to do something about the RV? If so, we should, you know, let the RV comes up and you say to the court, you know, we're giving him notice now, we want to seize it, let's kick it. Even if, even if you said, could we temporarily seize the RV or he temporarily has to turn it in or do something in the interim. It was a legitimate concern, the probation officer. But what I'm worried about is, you know, best practices doesn't cut it when we're looking at rules of, you know, notice rules and, and, and due process rules. And so that's what. Well, and you know, due process requires an opportunity to be heard. And this was not... She basically did not have. Right. I mean, that's ultimately up to the court. I mean, he, you know, it was... I mean, he was heard, but he wasn't given notice and he wasn't being able to prepare. The defendant didn't ask for any additional time. And he couldn't even counter offer. He couldn't even say, you know, can I give it to my sister for, you know, the period of time, you know, whatever. That's right. He did many things he could have done. Has it been sold? Well, the defendant makes a point of saying in his brief that he hadn't selling it. As of the reply brief date, it is represented as it wasn't sold. I know, but I mean, I'm wondering since that date. I presume that that's because he is waiting for the court's decision. Okay. Well, I think you need to wrap up and I'm going to give Mr. Hillis one more minute. All right. Thank you, Your Honor. Unless the court does have any conditions with the exception noted in Special Condition 10, we would ask that the judgment and sentence be affirmed. And I suppose, you know, now that the defendant is, I guess, going to let us know what his position is in terms of a full resentencing. I guess we'll have to wait and see what the court decides. Right. He's only asking for two weeks, which I think there's every, if that's what he wants, that's what we'll give him. Thank you. And I'm assuming as you come in position that you will discuss with your client what he might want to go forward on. You know, whether he wants to go forward on the RV issue or whatever. Yes. And you will notify the court and counsel for the government. Indeed, I will. It will be a bad day for due process when you can allege one violation, a litany of information that follows it, and then be told at a revocation hearing, we're going to revoke you and here's why. And it doesn't match what the alleged violation is. Let's consider what an indictment is. It's an elemental approach to whether the government has established the basis for a violation that leads somebody to have a criminal conviction. It should be the same in a revocation petition. That didn't happen here. These revocation proceedings are too fast and too loose. More needs to be done to make sure that we are giving people notice and opportunity to respond. That didn't happen with the RV. It didn't especially happen with all the other facts that trickled their way in, certainly as to the polygraph administrator. The government can speculate what the polygraph administrator would have said and try to convince the court it would have been harmless error. The problem was there was a constitutional violation. It was a violation of Rule 32.1. The government could have put together a supplemental petition about any other allegations. It did not. That's on the government. Also, as a final matter, page 88 of the appendix gives me something caused to do something I've never done before, but I ask this court to apply Circuit Rule 36 because the judge said, any violation I will send you back. I won't hesitate to send you back for two additional years in prison. I don't think that that's an appropriate thing to have hanging over Mr. Rainey as he goes back. I think it should be for the court to decide whether it goes to the same judge or to a different judge given what is said in page 88 of the appendix. All right. Well, thank you very much. Thanks as well to counsel for the government. We'll take the case under advisement. The court will be in recess. Thank you.